JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Geraldine and Alan Davis (collectively referred to as "plaintiffs"), appeal from the judgment of the Court of Common Pleas that denied their motion for relief from judgment. For the following reasons, we reverse and remand.
 {¶ 2} On February 16, 2007, plaintiffs filed a complaint against defendant-appellee, Tops Markets, L.L.C. ("Tops"), alleging personal injury as a result of a fall at one of its supermarkets.
 {¶ 3} The case proceeded to a case management conference where the parties were advised of the discovery deadlines. Plaintiffs' first motion to extend discovery, filed on October 29, 2007, was granted by the trial court.
 {¶ 4} On December 12, 2007, Tops filed a motion for summary judgment alleging that plaintiffs could not establish that there was a hidden defect that Tops knew of or should have known about.
 {¶ 5} On December 26, 2007, plaintiffs requested additional time, pursuant to Civ. R. 56(F), to conduct discovery and to respond to Tops' motion for summary judgment on the grounds that they had just received Tops' discovery responses. The trial court granted this motion, set a deadline of February 11, *Page 4 
2008 to file an opposition to Tops' motion for summary judgment, and noted that "no further continuances" would be given.[1]
 {¶ 6} Plaintiffs did not file a brief in opposition by the deadline and, on February 20, 2008, the trial court granted Tops' unopposed motion for summary judgment and dismissed the action with prejudice.
 {¶ 7} On February 28, 2008, plaintiffs filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5) claiming that they needed more time to respond to the motion for summary judgment because they had been unable to arrange the necessary depositions with defense counsel.
 {¶ 8} Tops did not oppose plaintiffs' Civ. R. 60(B)(5) motion.
 {¶ 9} On March 21, 2008, the trial court denied plaintiffs' motion for relief from judgment and held the following:
 {¶ 10} "A review of the docket shows that at the case management conference held on 06/25/2007, a dispositive motion deadline was set for 12/12/2007. This Court has since granted Plaintiffs two extensions of this deadline. Pursuant to this Court's second extension granted on 12/28/2007, Plaintiffs' brief in opposition was due to be filed on or before 02/11/2008. Court notes that Defendant filed its dispositive motion on 12/12/2007. Even though counsel informally discussed extending this court-ordered deadline, Plaintiffs *Page 5 
failed to file the appropriate motion with the Court. Therefore, Plaintiffs' brief in opposition was due on or before 02/11/2008. Even if Plaintiffs had filed the appropriate motion, this Court notes its order of 12/28/2007 stated no further continuances would be permitted. For these reasons, Plaintiffs' motion for relief from judgment (filed 02/28/2008) is denied."
 {¶ 11} It is from this judgment that plaintiffs now appeal and raise one assignment of error for our review, which states:
 {¶ 12} "I. The trial judge abused his discretion by denying plaintiff-appellants' motion to vacate."
 {¶ 13} A motion for relief from judgment pursuant to Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75; Moore v. EmmanuelFamily Training Ctr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; see, also,Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 20. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In reJane Doe 1 *Page 6 
(1991), 57 Ohio St.3d 135, 138, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 14} In order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, citingGTE Automatic Electric v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; see, also, State ex rel. Citizens forResponsible Taxation v. Scioto Cty. Bd. of Elections (1993),67 Ohio St.3d 134, 135-136.
 {¶ 15} "`Civ. R. 60(B) is a remedial tool and should be liberally construed,' *** This standard of liberality is consistent with the oft-stated general principle that Civ. R. 60(B)(5) is a provision whereby a court may relieve a party from judgment for any other reason than set forth in Civ. R. 60(B)(1) to (4) justifying relief from judgment. *** [T]he purposes of the rule permitting relief in the interests of justice. Any doubt should be resolved in favor of the movant so that cases may be decided on the merits." Svoboda v. City of Brunswick
(1983), 6 Ohio St.3d 348, 351, citing GTE Automatic Electric v. ARCIndustries, supra, other citations omitted. *Page 7 
 {¶ 16} "The primary objective and function of our courts is to adjudicate cases on the merits by applying the substantive law whenever possible and not to adjudicate cases with finality upon a strained construction of procedural law yielding unjust results." Id.
 {¶ 17} The record establishes that plaintiffs did encounter difficulty in obtaining discovery from Tops and moved for additional time to respond pursuant to Civ. R. 56(F), which is appropriate under the law. The trial court granted extensions, but the parties were unable to complete the needed discovery before the deadline. By granting the extension, the trial court implicitly recognized plaintiffs' need to conduct further discovery in order to adequately respond to the pending motion for summary judgment. All of the discovery was not forthcoming within the allotted time frame, allegedly due to defense counsel's inability to coordinate the deposition of certain witnesses.
 {¶ 18} In its order denying the Civ. R. 60(B) motion, the trial court noted that counsel "informally discussed extending the court-ordered deadline." Plaintiffs further assert that the attorney who had been representing plaintiffs won a local mayoral election and resigned from the firm. His replacement was reportedly under the impression that additional time had been requested to respond to the motion for summary judgment. Moreover, the record shows that defense counsel did not oppose the Civ. R. 60(B) motion or its contentions that *Page 8 
they had failed to make defense witnesses available for deposition by plaintiffs as contemplated by the continuance granted under Civ. R. 56(F).
 {¶ 19} A review of the record indicates that the first requirement was satisfied. Under Civ. R. 60(B), a movant's burden is only to allege a meritorious claim or defense, not to prove that he will prevail on that claim or defense. Rose Chevrolet at 20; Moore at 67.
 {¶ 20} The second and third requirements of a Civ. R. 60(B) motion are entitlement to relief under Civ. R. 60(B)(1) through (5) and timeliness of the motion. Tops' motion for relief from judgment was based upon Civ. R. 60(B)(5) and was filed within eight days of the judgment.
 {¶ 21} Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ. R. 60(B). Caruso-Ciresi, Inc.v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus;Goode v. Goode (Aug. 26, 1993), Franklin App. No. 92AP-1580. However, Civ. R. 60(B)(5) may be utilized where the operative facts are either different from and/or are in addition to those contemplated by Civ. R. 60(B)(1) through (4). Whitt v. Bennett (1992), 82 Ohio App.3d 792, 796.
 {¶ 22} Considering plaintiffs' proffered reasons and the record as a whole, we find that plaintiffs established entitlement to relief pursuant to *Page 9 
Civ. R. 60(B)(5), especially since it is a remedial rule to be liberally construed with a view toward effecting a just result. State ex rel.Citizens for Responsible Taxation at 136.
 {¶ 23} Under the particular circumstances of this case, plaintiffs' Civ. R. 60(B)(5) motion for relief from judgment should have been granted.
 {¶ 24} Plaintiffs' sole assignment of error is sustained.
 {¶ 25} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants recover from appellee their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY JANE TRAPP, J.*, CONCUR.
[1] See journal entry dated December 28, 2007.
* SITTING BY ASSIGNMENT: JUDGE MARY JANE TRAPP, OF THE ELEVENTH DISTRICT COURT OF APPEALS. *Page 1