[Cite as *OneWest Bank, FSB v. Carol Stoner*, 2011-Ohio-4672.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

ONEWEST BANK, FSB                    :

    Plaintiff-Appellee               :          C.A. CASE NO. 2011 CA 13

v.                                   :          T.C. NO.   09CV1566

CAROL STONER, et al.                 :          (Civil appeal from
                                                 Common Pleas Court)

    Defendant-Appellant              :

                                     :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the   16th   day of   September  , 2011.

. . . . . . . . . .

CHARLES R. JANES, Atty. Reg. No. 0013138, P. O. Box 165028, Columbus, Ohio 43216
    Attorney for Plaintiff-Appellee

CAROL STONER, Atty. Reg. No. 0031084, 88 High Street, P. O. Box 179, Clifton, Ohio 45316
    Defendant-Appellant

WILLIAM HOFFMAN, Atty. Reg. No. 0047109, 50 E. Columbia Street, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Clark County Treasurer

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Carol Stoner, filed March 4, 2011.  On December 9, 2009, OneWest Bank filed a Complaint for

Foreclosure against Stoner, alleging that she defaulted on a loan secured by a mortgage on her home at 88 High Street in Clifton, Ohio. Attached to the Complaint is a copy of a Note dated June 19, 2007, in which Stoner promised to pay Quicken Loans, Inc., the principal amount of $259,000.00, plus interest; a copy of the Mortgage between Stoner and Quicken Loans; an "Assignment," dated November 30, 2009, which provides that Quicken Loans' interest in the mortgage is assigned to OneWest Bank, FSB; and a preliminary judicial report indicating that title to the property at issue is vested in Stoner.

{¶ 2} On March 3, 2010, Stoner filed an Answer which "denies that Plaintiff is the mortgage holder of my loan, and thus lacks standing to foreclose," and further asserts thirteen "Affirmative Defenses."

{¶ 3} On July 22, 2010, OneWest Bank filed a motion for summary judgment. One West Bank also filed on the same date the affidavit of Brian Burnett, an "authorized representative" of OneWest Bank, who averred that he "has personal knowledge and access to records related to the promissory note and mortgage that are subject of this foreclosure action," and that the Note and Mortgage are in default. The Note, Mortgage, Assignment, and a Military Status Report are attached to Burnett's affidavit. Stoner did not respond to the motion for summary judgment.

{¶ 4} On August 16, 2010, without setting a hearing date for the submission of the summary judgment motion[1], the trial court issued a Judgment Entry and Decree in

---

[1]"[A]n oral hearing is not required for every summary judgment motion. (Citations omitted). However, if the trial court does not set an oral hearing date, the trial court must give the nonmoving party notice of the date on which the motion will be deemed submitted for decision." *Anania v. Daubenspeck Chiropractic* (1998), 129 Ohio App.3d 516, 522. While Clark County Local Rule

Foreclosure, and an order of sale was issued.

{¶ 5}    On September 17, 2010, OneWest Bank filed a Motion to Vacate Judgment and Order of Sale, asserting that its motion for summary judgment was served at the wrong address and Stoner was denied an opportunity to respond.    The trial court granted the motion and vacated the judgment and order of sale.

{¶ 6}    On October 5, 2010, OneWest Bank again filed a Motion for Summary Judgment, asserting in part that Stoner was in default for failure to file an Answer.    The attached supporting memorandum further provided that Stoner executed the Note and Mortgage, that OneWest Bank is the holder of the Note and Mortgage, and that Stoner is in default, and that the amount due is $252,556.17, plus interest.    There were no evidentiary materials attached to the second motion for summary judgment, but the memorandum provided, "Plaintiff has submitted evidence in the form of an affidavit establishing its right to judgment under Ohio law."    OneWest Bank also filed, on October 5, 2010, a "Notice of Filing Assignment of Mortgage," attached to which is the Assignment.    Stoner did not respond.

{¶ 7}    On October 25, 2010, again without setting a hearing date for the submission of the summary judgment motion, the trial court issued a Judgment Entry and Decree in Foreclosure.    The Judgment Entry provides in part, "the Court has reviewed the Complaint, the Answer filed by Carol Stoner, and all evidence submitted, including the affidavit

10 provides in part that "[e]ach party opposing [a] motion shall serve and file within 14 days after filing of such motion a brief containing the reasons and authorities in opposition to the motion," the rule excludes motions for summary judgment.

submitted by Plaintiff * * * ."   We note that the trial court did not endorse on the judgment "a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment," as required by Civ.R. 58(B).   Further, there is no notation of service by the clerk in the appearance docket, as Civ.R. 58(B) requires.

{¶ 8}   On November 9, 2010, OneWest Bank filed a "Notice of Filing of Reverified Affidavit," which provides that OneWest Bank "previously filed an affidavit in support of its motion for summary judgment in the above-entitled action on or about July 22, 2010.   As reflected in the attached reverified affidavit, all of the facts set forth in the previously filed affidavit concerning defendant's mortgage and loan and related transactions have been reviewed and have been confirmed to be correct at all relevant times.   The attached reverified affidavit has been filed to correct the form of the previously filed affidavit without altering the substantive contents of the previously filed affidavit, which remains identical." William Kana, the affiant, avers that he is a "duly authorized signer" on behalf of OneWest Bank, that he is familiar with OneWest Bank's business records, and that he has "personally examined these business records reflecting data and information as of November 17, 2009." Attached to the Notice is the Note, Mortgage, Assignment, and a Military Status Report.

{¶ 9}   On November 22, 2010, Stoner filed a "Motion for Stay of Execution of Sale Pending  HAMP Loan Modification & Referral to Mediation."   According to the Motion, One West violated provisions of the Home Affordable Modification Program ("HAMP") which mandate a stay while the borrower is in HAMP review. The motion further asserted that OneWest is not entitled to equitable relief due to its "egregious misconduct," namely that counsel for OneWest misrepresented to Stoner that she had 30 days to respond to the

motion for summary judgment; that OneWest misrepresented in its motion that Stoner failed to file an Answer to the Complaint; that OneWest misrepresented that it is the holder of the Note "when Note was not in plaintiff's name and [A]ssignment did not delineate chain of title," the Assignment "contained no words of conveyance," and on information and belief, "was signed by well known robo-signer, not in front of a notary and not on the date of her signature"; and that OneWest "arrogantly and audaciously attempted to remediate his failed basis for Summary Judgment support by filing a so-call 'substitute affidavit.'" Stoner requested court-ordered mediation.

{¶ 10} On December 3, 2010, OneWest opposed Stoner's motion, asserting that Stoner is not entitled to a stay, and that she is not entitled to mediation.

{¶ 11} On December 9, 2010, Stoner filed a Reply.

{¶ 12} On December 17, 2010, the trial court journalized an Order denying Stoner's motion for stay and request for mediation, which provides that "there is no legal basis for staying enforcement of the Judgment Entry and Decree in Foreclosure previously granted * * * ." The Order further provides that there is "no basis for ordering mediation in this case, after judgment has been entered, given that Defendant, an attorney, did not request mediation in a timely fashion before the case went to judgment."

{¶ 13} On December 28, 2010, Stoner filed an "Emergency Motion to Set Aside Default Judgment & Order of Sale & Stay of Proceedings," in reliance upon Civ.R. 55(B), Civ.R. 60(B), and Civ.R. 62(A). According to Stoner she is entitled to relief from judgment based upon inadvertence, surprise or excusable neglect, procurement by fraud, misrepresentation, and misconduct of an adverse party, and upon "'Other Grounds,' as said

Entry is void for vagueness." Stoner argued that the judgment entry and foreclosure decree is invalid because it was not "preceded by notice of response period." Stoner further asserted that the judgment entry is invalid because OneWest did not provide her with Civ. R. 55 written notice that it sought a default judgment. Stoner asserted that the trial court entered the judgment against her "two days prior to the first day available for a default hearing." Pursuant to Civ.R. 60(B), Stoner asserted that she has a meritorious defense to present. She asserted that OneWest "offered no evidence it owned the note when the complaint was filed." Stoner asserted that OneWest failed to prove possession and indorsement of the Note. According to Stoner, the complaint is subject to dismissal because OneWest is not the real party in interest. Stoner asserted that the affirmative defenses she pled in her Answer preclude summary judgment. Stoner contended that One West did not attach an Affidavit to its second motion for summary judgment, "but made a mere reference to it in an unsworn memorandum of law." Stoner argued that OneWest failed to attach the requisite exhibits to its affidavit. She asserted that the signatures of counsel for OneWest are "deviant from each other." Stoner argued that the reverified affidavit is a fraud upon the court, and subject to dismissal pursuant to Civ.R. 56(G). Stoner asserted that she is entitled to relief from judgment because OneWest has engaged in fraud, misrepresentation and other misconduct. Stoner asserted that her motion for relief was timely. She asserted that she is entitled to relief from judgment on the basis of "mistake, inadvertence, surprise and excusable neglect regarding the ascertainment of time within which an answer motion to summary judgment was due." Finally, she asserted that she is entitled to a "stay of proceedings to enforce a judgment, in accordance with Civ.R. 62(A)."

{¶ 14} On January 13, 2011, OneWest opposed the motion. According to OneWest, the trial court did not enter a default judgment against her pursuant to Civ.R. 55, and she is not entitled to relief pursuant to Civ.R. 60(B). OneWest asserts that, since Stoner did not oppose the motion for summary judgment or appeal from the judgment against her, her arguments are waived. Regarding Stoner's assertion that she relied upon counsel for OneWest's representation that she had 30 days to respond to the summary judgment motion, OneWest noted that Stoner's allegation was not made in an affidavit, and it denied providing advice to Stoner.

{¶ 15} Stoner filed a Reply on January 26, 2011.

{¶ 16} On February 2, 2011, the trial court issued an Order denying Stoner's motion. The Order provides in part that Stoner "has not proven that she is entitled to set aside the judgment previously granted in Plaintiff's favor and against Defendant." We note that the trial court again failed to comply with Civ.R. 58(B).

{¶ 17} Stoner asserts six assignments of error herein. We will address her first four assignments of error together. They are as follows:

{¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF WITHOUT GRANTING DEFENDANT A FAIR OPPORTUNITY TO BE HEARD," And,

{¶ 19} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF AS GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER PLAINTIFF IS THE HOLDER OF THE NOTE UPON WHICH JUDGMENT WAS SOUGHT," And,

{¶ 20} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED WITH REGARD TO AFFIRMATIVE OFFENSES," And,

{¶ 21} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF WHERE APPELLEE FAILED TO AUTHENTICATE ATTACHED BUSINESS RECORD IN AFFIDAVIT."

{¶ 22} According to Stoner, "the time for appealing the grant of summary judgment is tolled, per App.R. 4." However, Stoner's Notice of Appeal indicates that she is appealing solely the denial of her "Emergency Motion" filed on December 28, 2010. Stoner did not appeal the trial court's judgment and decree of foreclosure, but she instead sought relief from that judgment pursuant to Civ.R.60(B). As we have previously determined, the two avenues of relief are distinct, and "a party cannot use Civ.R. 60(B) relief as a substitute for a timely appeal. (Citations omitted)." *UBS Real Estate Securities, Inc.* v. *Teague*, Darke App. No. 2010 CA 5, 2010-Ohio-5634, ¶ 16. Any alleged error by the trial court in granting summary judgment in favor of OneWest Bank and foreclosing upon the mortgage could have been raised in a direct appeal, and Stoner cannot raise those issues in an appeal from the denial of her "Emergency Motion." Id.

{¶ 23} Stoner's first four assigned errors are overruled.

{¶ 24} We will consider Stoner's remaining two assigned errors together. They are as follows:

{¶ 25} "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT HOLDING A HEARING TO TAKE EVIDENCE BEFORE IT RULED ON THE DEFENDANT'S Civil

R. 60(B) MOTION TO VACATE SUMMARY JUDGMENT," And,

**{¶ 26}** "THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIVIL R. 60(B) MOTION TO VACATE SUMMARY JUDGMENT."

**{¶ 27}** "'Civ. R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done.'" *Portfolio Recovery Associates v. Thacker*, Clark App. No. 2008 CA 119, 2009-Ohio-4406 (internal citation omitted).

**{¶ 28}** Civ.R. 60(B) provides in relevant part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * * ; (3) fraud * * * , misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment."

**{¶ 29}** To prevail on a motion pursuant to Civ. R. 60(B), a movant must establish that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief pursuant to 60(B)(1) - (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. (60)(B)(1), (2) or (3), not more than one year after the judgment or proceeding was entered or taken. *GTE Automatic Elec. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113. All three requirements must be met. Id., at 151.

**{¶ 30}** "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.'" (Citations omitted). *UBS Real Estate Securities, Inc., ¶* 23. "In

meeting the first requirement above, '[t]he movant need not prove that he will prevail on his alleged meritorious defense. He need only *allege* that such a defense exists.' (Emphasis sic.) *Williamson v. Saranda Consol. Ltd. Partnership (*Dec. 14, 1989), Montgomery App. No. 11507, 1989 WL 150791, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, * * * ." *State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, ¶ 10.

{¶ 31} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. (Internal citation omitted)." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54.

{¶ 32} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 33} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 34} We initially note that OneWest Bank asserts that Stoner's Notice of Appeal is untimely. "The record reveals that the trial court failed to place an entry on its appearance docket noting service of the judgment, and the failure to comply with Civ.R. 58(A) tolls the time for filing the appeal." *State v. Moore*, Clark App. No. 2007 CA 123, 2008-Ohio-5376, ¶ 4, citing *In re J.F.*, Montgomery App. Nos. 22181, 22441, 2008-Ohio-4325. Accordingly,

Stoner's appeal was not filed out of time.

{¶ 35} We agree with OneWest Bank that Civ.R. 55, which applies to default judgments, does not apply to the matter herein, since the trial court granted summary judgment, and not a default judgment, against Stoner.

{¶ 36} In its ruling, the trial court did not expressly address whether Stoner alleged a meritorious defense, satisfied any of the grounds for relief under Civ.R. 60(B), or timely sought relief. Instead, it determined that Stoner "has not *proven* that she is entitled to set aside the judgment * * * ." (emphasis added). In its brief, OneWest Bank asserts that "a hearing is not required unless the movant's affidavit or other evidentiary material offered in support demonstrates 'operative facts' and not mere general allegations in support of vacating the judgment." Civ.R. 60(B) does not require Stoner to provide evidentiary material to prove that she is entitled to set aside the summary judgment granted against her, only that she has a meritorious defense to present. "Although general denials in an answer are insufficient to state a meritorious defense for purposes of Civ.R. 60(B), the meritorious defense requirement is met by filing an answer that contains sufficient affirmative defenses or facts sufficient to support the claim of a valid defense." *UBS Real Estate Securities, Inc., ¶* 24. Stoner's Answer contends in part that OneWest's alleged interest in the Note and Mortgage was not properly assigned to it, and that it accordingly lacks standing to pursue foreclosure, which is a meritorious defense.

{¶ 37} Further, Stoner filed her "Emergency Motion" on December 28, 2010, a little more than two months after the trial court's October 25, 2010 Judgment Entry and Decree in Foreclosure, and we conclude that Stoner's motion was timely.

{¶ 38} Finally, Stoner asserted that she was entitled to relief in part on the basis of surprise, inadvertence and excusable neglect, and with the record before us, she is entitled to a hearing on her claims.

{¶ 39} The trial court erred in requiring that Stoner prove entitlement to relief from judgment, and an abuse of discretion is demonstrated. Accordingly, Stoner's fifth and sixth assignments of error are sustained, the trial court's order denying the motion for relief from judgment is reversed, and the matter is remanded for an evidentiary hearing on Stoner's requested relief from summary judgment.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Charles R. Janes
Carol Stoner
William Hoffman
Hon. Douglas M. Rastatter