[Cite as *Bank of Am. v. McGlothin*, 2013-Ohio-2755.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

BANK OF AMERICA, N.A.                    :

    Plaintiff-Appellee                    :        C.A. CASE NO.    2012 CA 96

v.                                        :        T.C. NO.    12CV595

PENNY J. McGLOTHIN, et al.                :           (Civil appeal from
                                                    Common Pleas Court)

    Defendants-Appellants                 :

                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____28th_____ day of _____June_____, 2013.

. . . . . . . . . .

MIKE L. WIERY, Atty. Reg. No. 0068898, P. O. Box 96696, 30455 Solon Road, Solon, Ohio 44139
    Attorney for Plaintiff-Appellee

KENNETH J. IGNOZZI, Atty. Reg. No. 0055431, 131 N. Ludlow Street, Suite 1400, Dayton, Ohio 45402
    Attorney for Defendants-Appellants

LISA M. FANNIN, Atty. Reg. No. 0082337, 50 E. Columbia Street, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Penny and Michael McGlothin, filed December 26, 2012. The McGlothins appeal from the trial court's November 26, 2012 decision sustaining the motion for summary judgment of Bank of America, NA ("BoA"), and also from the December 19, 2012 decision of the trial court which overruled the McGlothins' motion for relief from judgment.

{¶ 2} BoA filed a complaint in foreclosure against the McGlothins on June 4, 2012, asserting that it is the holder of a note and mortgage, and attached to which is a promissory note executed by the McGlothins and Countrywide Home Loans, Inc., dated November 2, 2006, in the amount of $70,887.00, which bears a stamp that provides, "Pay to the Order of Countrywide Home Loans Servicing, LP, without Recourse Country Wide Home Loans, Inc." along with an additional stamp that provides, "Pay to the Order of Bank of America, NA, without Recourse, Countrywide Home Loans Servicing LP." The stamps are not dated, and both are signed by Michele Sjolander, Executive Vice President. Also attached to the complaint is a mortgage for real property located at 1320 Lexington Avenue in Springfield, Ohio, signed by the McGlothins and given to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc., as security for the promissory note; an Assignment of Mortgage, dated August 3, 2011, identifying Countrywide Home Loans, Inc., as the original lender and "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP" as the assignee; and a preliminary judicial report.

{¶ 3} On July 11, 2012, Michael filed a pro se Motion for Extension of Time to Answer, which the trial court granted. The McGlothins, represented by counsel,

filed an Answer on August 1, 2012, in which they asserted the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff does not have standing.

3. There is no valid lien under Ohio Law on the subject premises * * *.

4. The mortgage violates Ohio and Federal law.

5. The assignment that allegedly occurred is invalid and not enforceable and there was no consideration therefore.

{¶ 4}  On November 2, 2012, BoA filed its motion for summary judgment, attached to which is the affidavit of Eric D. Oyler, an assistant vice president  of BoA, asserting in part as follows:

"BANK OF MAERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP directly or through an agent, has possession of the promissory note.  The promissory note is made payable to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP.  BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP is the assignee of security instrument for the referenced

loan.

Oyler authenticated attached copies of the note and mortgage, and asserted that the McGlothins are in default, that the indebtedness has been accelerated, and that the balance due is $67,399.39 plus interest at 6.750% per annum from January 1, 2011.

{¶ 5}    On November 15, 2012, the McGlothins filed a motion requesting that the court deny the motion for summary judgment or, in the alternative, grant a continuance of the hearing on the motion, pursuant to Civ.R. 56(F).  The McGlothins asserted that "additional discovery is needed in this matter in order to prepare an adequate Response and sufficient time has not yet elapsed for this discovery."  According to the McGlothins, they "were able to retain counsel via the Volunteer Lawyers Project" on July 24, 2012. They asserted that their counsel "is attempting to contact Plaintiff's counsel regarding the taking of the deposition" of Eric Oyler.   They asserted that BoA "has previously faced allegations that in foreclosure cases it submitted inaccurate affidavits from its officials in support of motions for summary judgment. * * * In light of this history, it is necessary for the McGlothins to take the deposition of the affiant, whose affidavit is being used to support the motion for summary judgment in this case."   The McGlothins further assert that "the affiant may be able to provide pertinent information such as whether the rights to the loan had been properly transferred between banks, the propriety of any transfers of Defendants' loan between any and all banks involved, and other such pertinent information."   Attached to the McGlothins' motion is the affidavit of defense counsel, which provides in part as follows:

* * *

6. Through the Volunteer Lawyers Project, my first contact with the Defendants occurred on July 24, 2012 via a video conference.

7. Upon commencement of representation, my office timely filed an Answer to the Complaint on August 1, 2012.

8. Plaintiff filed its Motion for Summary Judgment on November 2, 2012.

9. My office is in the process of contacting Plaintiff's counsel regarding the taking of the deposition of Plaintiff's affiant, but to date the deposition has not been scheduled.

10. My office is in the process of sending written discovery requests to the Plaintiff, but to date, I do not have responses to written discovery requests from the Plaintiff.

11. In light of the events and circumstances of this case, Defendants have not been provided sufficient time to conduct the depositions of the affiant relied upon by Plaintiff in the Motion for Summary Judgment, filed on or about November 2, 2012.

12. Without sufficient time to conduct the depositions of the affiant, and to review any response to discovery that may be provided by Plaintiff, Defendant is unable to properly respond to Plaintiff's Motion.

{¶ 6} On November 21, 2012, the McGlothins filed a Notice of Submission of Interrogatories and Request for Production of Documents.

{¶ 7} On November 26, 2012, the trial court sustained BoA's motion for

summary judgment, and BoA filed a Reply to the McGlothins' opposition to its Motion for Summary Judgment.

{¶ 8} On December 14, 2012, the McGlothins filed a Motion to Vacate Judgment Dated November 26, 2012, in which they asserted in part that BoA "is not the owner of the loan, and is instead a successor and there is no way for the Defendants to properly respond to summary judgment without discovery." They asserted that neither they nor defense counsel received a copy of the November 26, 2012 Entry sustaining BoA's motion for summary judgment. Their motion concludes, "Given the procedural history, the judgment entry of November 26, 2012 should properly be vacated, so that the Court can rule upon the Rule 56(f) (sic) motion and allow discovery to properly proceed so that Defendants may prepare a proper response." On December 20, 2012, BoA opposed the McGlothins' motion to vacate judgment. The motion to vacate was overruled by the trial court without analysis.

{¶ 9} The McGlothins assert two assigned errors herein. Their first assigned error is as follows:

"THE TRIAL ERRED BY NOT GRANTING THE MCGLOTHINS' MOTION UNDER CIV.R. 56(F) SO THAT DISCOVERY COULD BE OBTAINED."

{¶ 10} BoA responds that the McGlothins failed to provide an adequate reason for delay in conducting discovery and that they made no attempt to conduct discovery prior to the filing of the motion for summary judgment.

{¶ 11} As this Court has previously noted:

A party who moves for summary judgment bears the initial burden of informing the trial court of the basis of its motion and "identifying those

portions of the record that demonstrate the genuine absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims * * * [If] the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. *Doriott v. MVHE, Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867, ¶ 37.

**{¶ 12}** Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

**{¶ 13}** As this Court has previously noted, "The trial court's determination of a Civ.R. 56(F) motion is a matter within its sound discretion. *Clark Cty. Solid Waste Mgt. Dist. v. Danis Clarkco Landfill Co.* (1996), 109 Ohio App.3d 19, 38, 671 N.E.2d 1034. Accordingly, the trial court's determination will not be reversed absent an abuse of that discretion." *Scaccia v. Dayton Newspapers, Inc.*, 170 Ohio App. 3d 471, 476, 2007-Ohio-869, 867 N.E.2d 874, 878 (2d Dist.)

**{¶ 14}** As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 15}** As this Court further noted in *Doriott*:

Pursuant to Civ.R. 7[(B)], the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity. In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion. *Id.* "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." *Gates Mills Inv. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 169, 392 N.E.2d 1316. "There

must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion." Baldwin's Ohio Practice, Klein/Darling, Civil Practice, Vol. 2, Section At 56-14, at p. 564, 392 N.E.2d 1316.

A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. See, e.g. *Booth v. Security Mutual Life Insurance Co.* (1957), 155 F.Supp. 755. However, the court must be convinced that there is a likelihood of discovering some such facts. Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery. See *Southern Rambler Sales, Inc. v. American Motors Corp*. (1967), 375 F.2d 932. *Doriott*, ¶ 40-41.

{¶ 16} The McGlothins rely upon *Countrywide Home Loans Servicing, L.P. v. Stultz,* 161 Ohio App.3d 829, 2005-Ohio-3282, 832 N.E.2d 125 (10th Dist.), and *Beal Bank S.S.B. v. Means*, 8th Dist. Cuyahoga No. 96252, 2011-Ohio-5922, and we agree with BoA that the instant matter is distinguishable from those authorities. In *Stultz,* the Tenth District found that the trial court abused its discretion in denying the mortgagors' motion for a continuance for discovery purposes in the context of summary judgment where the motion was filed less than three weeks after mortgagee filed the motion for summary judgment, the parties disagreed on at least two genuine issues of material fact, and the trial court appeared to have failed to consider the mortgagors' answer containing counterclaims for trespass and

conversion and seeking damages in excess of $25,000.00, along with punitive damages. *Id*., ¶ 17. The mortgagors also asserted in their motion that the mortgagee "did not respond to any discovery requests, so that appellants were limited to their own personal knowledge of the facts." *Id., ¶* 13.

{¶ 17} In *Means*, the mortgagors, in response to a complaint in foreclosure, asserted counterclaims alleging predatory and racially discriminatory lending, trespass, and violations of the Fair Credit Billing Act. *Id*., ¶ 3. The matter was referred to the court's foreclosure mediation program, and all discovery and motion practice was stayed. *Id*., ¶ 4. When the matter did not settle, the court lifted the the stays. *Id*. The mortgagee filed a motion for summary judgment, and the mortgagors requested a 90-day discovery continuance, supported by the affidavit of defense counsel, "who averred that the matter had been stayed pending the mediation process, and after this time, * * * family health issues prevented him from obtaining discovery. Specifically, he averred that he had been ill and his wife sustained injuries that required her to receive in-home care." *Id*., ¶ 8. Defense counsel further averred that it "was essential to depose Beal Bank in order to discover facts relevant to the counterclaim and to oppose the bank's motion for summary judgment." *Id*. Defense counsel attached "copies of discovery requests that defendants were prepared to serve upon plaintiff." *Id.* The trial court entered summary judgment for the mortgagee.

{¶ 18} Citing *Stultz*, the Eighth District concluded that the trial court abused its discretion as follows:

> * * * We note that the court stayed discovery from March 17, 2009 to
>
> February 26, 2010, and beginning in November, 2009 family health issues

plagued defendants' counsel. In an affidavit, counsel for defendants indicated that he had "been ill and [his] wife continues to be confined to a wheelchair and staying in a hospital bed in our livingroom because of two fractured hips suffered on November 23, 2009." The affidavit set forth a legitimate, good faith basis for the continuance.

Moreover, defense counsel explained to the trial court that these factors, in addition to the stay of discovery, prevented him from conducting discovery in the short time period allotted following mediation. Defense counsel had no opportunity to explore the counterclaim of discriminatory lending practices that aided and abetted the loan originators and inclusion of last minute, unauthorized, or erroneous contract terms. The motion for a discovery continuance was filed within the same general time as the brief in opposition would have been due, and in awarding summary judgment to Beal Bank, the trial court denied a reasonable request for time to gather evidence with which to establish a genuine issue of material fact, and therefore denied defendants a meaningful opportunity to assert their defenses and counterclaims. *Id*., ¶ 19-20.

{¶ 19} Unlike the defendants in the above matters, the McGlothins did not assert counterclaims against BoA. While the McGlothins' motion was filed within the time period that a memorandum in opposition to the motion for summary judgment was due pursuant to local rule, and summary judgment was granted 24 days later, absent from the matter herein is any evidence that attempted discovery was unsuccessful and required

completion, as in *Stultz*, or any assertion, as in *Means*, as to why this is so. Rather than state grounds for a continuance with particularity in their motion, the McGlothins offered only speculation about previous allegations against BoA as a basis for their need to depose Oyler. As BoA asserts, the McGlothins answered its complaint, after receiving an extension of time to do so, on August 1, 2012, and between that time and the filing of the motion for summary judgment three months later, they made no attempts at discovery. In fact, their motion for continuance vaguely states that defense counsel is "in the process" of scheduling a deposition and sending written discovery requests, and that he had not received responses to discovery requests. However, no such requests had been made, and no evidence was adduced indicating defense counsel had in fact sought to schedule any deposition. Regarding the deposition of Oyler, we note that Civ.R. 30(A) provides, "After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. The attendance of a witness may be compelled by the use of a subpoena as provided by Civ.R. 45." Unlike the movant in *Means*, defense counsel did not attach discovery requests that he was prepared to propound to his affidavit, but rather he noticed them almost a week later. In other words, the McGlothins have not demonstrated any diligence in attempting discovery, and the trial court did not abuse its discretion in overruling their motion for a continuance.

{¶ 20} Finally, we note this Court's recent decision in *BAC Home Loans Servicing v. Busby,* 2d Dist. Montgomery No. 25510, 2013-Ohio-1919, ¶ 28, in which the mortgagors' amended motion for relief from judgment was denied in a foreclosure action, and in which we noted, "the Busbys' remedy for BAC's alleged failure to submit sufficient evidence of its

ownership of the note and mortgage was a motion for a more definite statement under Civ.R. 12(E)."

{¶ 21} For the foregoing reasons, the McGlothins' first assigned error is overruled.

{¶ 22} The McGlothins' second assigned error is as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE MOTION TO VACATE."

{¶ 23} We note that the McGlothins did not expressly invoke Civ.R. 60(B) in their motion to vacate. Herein, however, pursuant to Civ.R. 60(B), the McGlothins assert that they have a meritorious defense to present, namely BoA's alleged lack of standing. The McGlothins further assert that they are entitled to relief pursuant to Civ.R. 60(B)(5), since "it was unjust for the Trial Court to refuse to allow Mr. and Mrs. McGlothin time to obtain discovery, especially considering the short time period between the commencement of suit and the Trial Court's unreasonable grant of summary judgment for [BoA] prior to the McGlothins obtaining any discovery and that their motion to vacate was timely filed." Finally, the McGlothins assert that their motion was timely filed.

{¶ 24} As this Court has previously noted:

"'Civ. R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done.'" *Portfolio Recovery Associates v. Thacker*, Clark App. No.2008 CA 119, 2009-Ohio-4406 (internal citation omitted).

Civ.R. 60(B) provides in relevant part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from

a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment."

To prevail on a motion pursuant to Civ. R. 60(B), a movant must establish that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief pursuant to 60(B)(1)-(5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. (60)(B)(1), (2) or (3), not more than one year after the judgment or proceeding was entered or taken. *GTE Automatic Elec. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113. All three requirements must be met. *Id.*, at 151, 351 N.E.2d 113.

"A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.'" (Citations omitted). *UBS Real Estate Securities, Inc.*, ¶ 23. "In meeting the first requirement above, '[t]he movant need not prove that he will prevail on his alleged meritorious defense. He need only *allege* that such a defense exists.' (Emphasis sic.) *Williamson v. Saranda Consol. Ltd. Partnership* (Dec. 14, 1989), Montgomery App. No. 11507, 1989 WL 150791, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564, * * *." *State v. Yount*, 175 Ohio App.3d 733, 889 N.E.2d 162, 2008-Ohio-1155, ¶ 10. *OneWest Bank, FSB v. Stoner*, 2d

Dist. Clark No. 2011 CA 13, 2011-Ohio-4672, ¶ 27 - 30 (concluding that lack of standing in an action in foreclosure is a meritorious defense, and that "Civ.R. 60(B) does not require Stoner to provide evidentiary material to prove that she is entitled to set aside the summary judgment granted against her, only that she has a meritorious defense to present." *Id*., ¶ 36).

{¶ 25} As this Court has further noted:

"* * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow* (June 5, 1998), Montgomery App. No. 16882, 1998 WL 288912, *2-3, quoting Black's Law Dictionary, abridged (6th Ed.Rev.1991) 290. Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp*., Franklin App. No. 08AP-330, 2008-Ohio-6911, 2008 WL 5423320, ¶ 37; *Bennitt v. Bennitt* (May 26, 1994), Cuyahoga App. Nos. 65094 and 66055, 1994 WL 236295.

"[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 121, 670 N.E.2d 281. It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *Boster v. C & M Serv.,*

*Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136; *In re Estate of Kirkland*, Clark App. No. 2008-CA-57, 2009-Ohio-3765, 2009 WL 2351758, ¶ 17. *GMAC Mortgage, L.L.C. v. Herring,* 189 Ohio App. 3d 200, 209, 2010-Ohio-3650, 937 N.E.2d 1077, 1084, ¶ 32-33 (2d Dist.)

**{¶ 26}** As in *Stoner*, we conclude that the McGlothins asserted a meritorious defense (that they were not required to prove), namely that BoA lacks standing to pursue foreclosure. We further conclude that the McGlothins' motion for relief from judgment was timely filed.

**{¶ 27}** Regarding the second prong of the analysis, the McGlothins rely upon *Davis v. Tops Markets, L.L.C.*, 8th Dist. Cuyahoga No. 91201, 2009-Ohio-855, in which the Eighth District reversed and remanded the judgment of the trial court denying the personal injury plaintiffs' motion for relief from judgment, pursuant to Civ.R. 60(B)(5), in which they "claimed that they needed more time to respond to the motion for summary judgment because they had been unable to arrange the necessary depositions with defense counsel." *Id.*, ¶ 7. The *Davis* plaintiffs filed a motion to extend discovery deadlines prior to the filing of Tops Markets' motion for summary judgment. In their second motion to extend discovery deadlines, filed two weeks after the motion for summary judgment, the plaintiffs requested additional time "to conduct discovery and to respond to Tops' motion for summary judgment on the grounds that they had just received Tops' discovery responses." *Id.*, ¶ 5. Tops Markets did not respond to plaintiffs' Civ.R. 60(B)(5) motion. *Id.* ¶ 8.

**{¶ 28}** The Eighth District determined as follows:

"'Civ.R. 60(B) is a remedial tool and should be liberally construed,' *

* * This standard of liberality is consistent with the oft-stated general principle that Civ.R. 60(B)(5) is a provision whereby a court may relieve a party from judgment for any other reason than set forth in Civ.R. 60(B)(1) to (4) justifying relief from judgment. * * * [T]he purposes of the rule permitting relief in the interests of justice (sic). Any doubt should be resolved in favor of the movant so that cases may be decided on the merits." *Svoboda v. City of Brunswick* (1983), 6 Ohio St.3d 348, 351, citing *GTE Automatic Electric v. ARC Industries*, supra, other citations omitted.

"The primary objective and function of our courts is to adjudicate cases on the merits by applying the substantive law whenever possible and not to adjudicate cases with finality upon a strained construction of procedural law yielding unjust results." *Id.*

The record establishes that plaintiffs did encounter difficulty in obtaining discovery from Tops and moved for additional time to respond pursuant to Civ.R. 56(F), which is appropriate under the law. The trial court granted extensions, but the parties were unable to complete the needed discovery before the deadline. By granting the extension, the trial court implicitly recognized plaintiffs' need to conduct further discovery in order to adequately respond to the pending motion for summary judgment. All of the discovery was not forthcoming within the allotted time frame, allegedly due to defense counsel's inability to coordinate the deposition of certain witnesses.

In its order denying the Civ.R. 60(B) motion, the trial court noted that counsel "informally discussed extending the court-ordered deadline." Plaintiffs further assert that the attorney who had been representing plaintiffs won a local mayoral election and resigned from the firm. His replacement was reportedly under the impression that additional time had been requested to respond to the motion for summary judgment. Moreover, the record shows that defense counsel did not oppose the Civ.R. 60(B) motion or its contentions that they had failed to make defense witnesses available for deposition by plaintiffs as contemplated by the continuance granted under Civ.R. 56(F).

A review of the record indicates that the first requirement was satisfied. Under Civ.R. 60(B), a movant's burden is only to allege a meritorious claim or defense, not to prove that he will prevail on that claim or defense. *Rose Chevrolet* at 20; Moore at 67.

The second and third requirements of a Civ.R. 60(B) motion are entitlement to relief under Civ.R. 60(B)(1) through (5) and timeliness of the motion. Tops' motion for relief from judgment was based upon Civ.R. 60(B)(5) and was filed within eight days of the judgment.

Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio

St.3d 64, paragraph one of the syllabus; *Goode v. Goode* (Aug. 26, 1993), Franklin App. No. 92AP-1580. However, Civ.R. 60(B)(5) may be utilized where the operative facts are either different from and/or are in addition to those contemplated by Civ.R. 60(B)(1) through (4). *Whitt v. Bennett* (1992), 82 Ohio App.3d 792, 796.

Considering plaintiffs' proffered reasons and the record as a whole, we find that plaintiffs established entitlement to relief pursuant to Civ.R. 60(B)(5), especially since it is a remedial rule to be liberally construed with a view toward effecting a just result. *State ex rel. Citizens for Responsible Taxation* at 136.

Under the particular circumstances of this case, plaintiffs' Civ.R. 60(B)(5) motion for relief from judgment should have been granted. *Davis*, ¶ 15-23.

{¶ 29} We initially note that the Eighth District appears to have construed the *Davis* plaintiffs' claimed need for further discovery as both a meritorious defense as well as a basis for relief under Civ.R.60(B)(5). We conclude that *Davis* is distinct from the matter herein due to the diligence reflected in the personal injury plaintiffs' attempts at discovery, which Tops Markets did not contest and the McGlothins did not demonstrate. The McGlothins have not shown that, based upon the trial court's denial of their Civ.R. 56(F) motion, they are entitled to relief pursuant to Civ.R.60(B)(5) , and the trial court accordingly did not abuse its discretion in overruling their motion for relief from judgment. The McGlothins' second assigned error is overruled.

{¶ 30}   Finally, we note that in Reply, the McGlothins assert that a genuine issue of material fact exists regarding BoA's standing to pursue foreclosure.   The McGlothins "are not permitted to raise new arguments in their reply brief."   *Hoskins v. Simones*, 173 Ohio App. 3d 186, 2007-Ohio-4084, 877 N.E.2d 1008, ¶ 38 (2d Dist.)     The trial court's November 26, 2012 decision sustaining BoA's motion for summary judgment, as well as the trial court's December 19, 2012 decision overruling the McGlothins' motion for relief from judgment, are affirmed.

. . . . . . . . . .

HALL, J., concurs.

FAIN, P.J., dissenting:

{¶ 31}   I agree with the disposition of the McGlothins' Second Assignment of Error in Judge Donovan's opinion for this court.   I would, however, sustain the McGlothins' First Assignment of Error, reverse the judgment of the trial court, and remand for further proceedings.

{¶ 32}   Civ.R. 56(F) provides as follows:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 33}   Bank of America filed its motion for summary judgment on November 2, 2012. The Bank's motion was supported by the affidavit of Eric D. Oyler.

{¶ 34}   Thirteen days later, on November 15, 2012, the McGlothins filed a motion under

Civ.R. 56(F), in which they requested a continuance of the hearing on the Bank's motion for summary judgment.[1] Eleven days after this, on November 26, 2012, the trial court granted the Bank's motion, and rendered summary judgment, without any reference to, or apparent consideration of, the McGlothins' Civ.R. 56(F) motion.

{¶ 35} As grounds for their Civ.R. 56(F) motion, the McGlothins set forth, among other things:

In the past, the Plaintiff [Bank of America] has previously faced allegations that in foreclosure cases it submitted inaccurate affidavits from its officials in support of motions for summary judgment. In these inaccurate affidavits, the affiant provided sworn testimony that he or she reviewed records when in actuality the official did not do so. In light of this history, it is necessary for the McGlothins to have an opportunity to take the deposition of the affiant, whose affidavit is being used to support the motion for summary judgment in this case. Additionally, the affiant may be able to provide pertinent information such as whether the rights to the loan had been properly transferred between banks, the propriety of any transfers of Defendants' loan between any and all banks involved, and other such pertinent information.

Further, it is necessary to depose an affiant in a case such as this in order to verify that the affidavit submitted by Plaintiff is reflective of the true knowledge and beliefs of said affiant. Any knowledge and beliefs of the affiant

---

[1]The McGlothins alternatively requested, in the same motion, that the Bank's motion for summary judgment be denied. That aspect of their motion is not at issue in this appeal.

attainable in a deposition is necessary to Defendants in adequately preparing a response to the Motion [for summary judgment].

{¶ 36} In support of the McGlothins' Civ.R. 56(F) motion for a continuance, they submitted the affidavit of their attorney, Kenneth J. Ignozzi. That affidavit included the following averments:

9. My office is in the process of contacting Plaintiff's counsel regarding the taking of the deposition of Plaintiff's affiant, but to date the deposition has not been scheduled.

10. * * *

11. In light of the events and circumstances of this case, Defendants have not been provided sufficient time to conduct the depositions of the affiant relied upon by Plaintiff in the Motion for Summary Judgment, filed on or about November 2, 2102.

12. Without sufficient time to conduct the deposition of Plaintiff's affiant, and to review any response to discovery that may be provided by Plaintiff, Defendant is unable to properly respond to Plaintiff's Motion.

{¶ 37} It is clear that the McGlothins intended to challenge Bank of America's standing to sue them on the note and mortgage. The facts surrounding the assignment of the note and mortgage lie within the exclusive knowledge of the Bank and its affiant. In responding to the Bank's motion for summary judgment, the McGlothins were not limited, as the Bank seems to suggest, to presenting affirmative defenses and supporting them with affidavits; they were permitted to challenge the facts averred in support of the Bank's motion. To do so, they needed,

as they said in support of their Civ.R. 56(F) motion, to take the deposition of the affiant, Oyler, who had averred facts in support of the Bank's motion for summary judgment.

{¶ 38}  In my view, the McGlothins set forth in their Civ.R. 56(F) motion a sufficient basis to support their request for a continuance.

{¶ 39}  The next issue to consider is whether the McGlothins' Civ.R. 56(F) motion was timely.  As the Bank notes, a trial court is afforded some discretion in deciding a Civ.R. 56(F) motion for a continuance of a summary judgment hearing, as a result of which, this court must give that decision some deference.  The extent of that deference – never absolute – is in my view attenuated when there is no indication that the trial court ever considered the Civ.R. 56(F) motion, as in this case.

{¶ 40}  The McGlothins indicated that they needed to take the deposition of Oyler, the person who had made the averments in support of the Bank's motion for summary judgment. That person – the person who would be making the averments in support of the Bank's motion for summary judgment – was not identified until the Bank filed its motion on November 2.  The McGlothins filed their Civ.R. 56(F) motion just thirteen days later.

{¶ 41}  The Bank contends that we must take into consideration all of the time that the McGlothins had to conduct discovery before the summary judgment motion was filed.  That might be a significant factor in some cases, but in my view, it is not a significant factor in this case.

{¶ 42}  In its complaint, Bank of America alleged that it was the holder of the note and mortgage upon which it brought suit.  At trial, it would have had the burden of proving that fact.  Although the McGlothins were certainly permitted to seek discovery on that issue before the

trial, they were not required to do so. They could wait until the trial, and then cross-examine the witness or witnesses offered by the Bank to prove that it was the holder of the note and mortgage. To be sure, they would be better prepared for that cross-examination if they had the benefit of prior discovery, but discovery is costly, and litigants must engage in a cost-benefit analysis, moderated by ability to pay, in determining whether they can afford pre-trial discovery, and, if so, how much. In any event, a litigant does not lose the ability to cross-examine the adverse party's witnesses at trial simply because the litigant could not afford to, or chose not to, conduct pre-trial discovery.

**{¶ 43}** Once the adverse party has moved for summary judgment, however, the litigant may not be able to avoid some discovery expense. If the movant avers facts in support of the motion for summary judgment that lie exclusively within its knowledge, then the respondent must take the affiant's deposition in order to have any chance, through cross-examination, to contradict those averments and avoid summary judgment. Otherwise, the litigant will effectively have lost the due process right to cross-examine the adverse party's witnesses.

**{¶ 44}** Therefore, in my view, the relevant time frame within which to assess the McGlothins' diligence in conducting discovery does not include the time preceding Bank of America's motion for summary judgment. I conclude that even affording the trial court some deference, it would have abused its discretion if it had found that the McGlothins were insufficiently diligent in filing their Civ.R. 56(F) motion just thirteen days after the filing of the Bank's motion for summary judgment, in order to secure their right to cross-examine Oyler.

**{¶ 45}** Bank of America cites two cases in support of its contrary position on this point. The first of these is *Doriott, D.O. v. M.V.H.E., Inc.*, 2d Dist. Montgomery No. 20040,

2004-Ohio-867. In that case, we indicated, generally, that "a claim that the party [seeking the continuance] has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery," citing *Southern Rambler Sales, Inc. v. American Motors Corp.*, 375 F.2d 932 (1967). But in that case, the party seeking the Civ.R. 56(F) continuance had waited until one day before the summary judgment hearing to file its motion, *id.* ¶ 3, and "failed to state what specific discovery she proposed to request, of whom, or when." *Id.* ¶ 46. We noted that: "Throughout the proceedings on Defendant's motion for partial summary judgment, Plaintiff provided no substantive responses. Instead, she requested more time to obtain evidence, but couched her requests in general, non-specific terms. She has followed the same course on appeal."

{¶ 46} Bank of America also cites *Penix v. Avon Laundry & Dry Cleaners*, 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362. In that case, the trial court had concluded that the documents that the respondent to the motion for summary judgment wished to obtain through discovery "cannot be found. Granting plaintiff additional discovery time, therefore, would not lead to additional evidence." *Id.,* ¶ 19. The court of appeals did, in passing, quote from *Doriott, supra,* that "[l]ack of diligence in pursuing discovery by the party moving under Civ.R. 56(F) militates against grant of delay." *Id.*, ¶ 32. But it seems also to have been influenced by its observation that:

The party seeking additional time to respond to a motion for summary judgment must present sufficient reasons that would justify the requested continuance. *Wombold v. Barna* (Dec. 11, 1998), 2d Dist. No. 17035. The party seeking additional time must do more than merely assert generally the need for additional discovery. *Id.* There must be a factual basis

stated and reasons given why the party cannot present facts essential to its opposition to the motion. *Id.* *Penix*, ¶ 31.

**{¶ 47}** In the case before us, I am satisfied that the McGlothins set forth what discovery they wa[...] to take – the Bank's affiant's deposition – and their reasons for seeking that discovery. Inasmuch as they [...] not know the identity of the Bank's affiant until it filed that affidavit in support of its motion for summ[...] judgment, I conclude that it would have been unreasonable for the trial court to have found, if it did,[2] that [...] Civ.R. 56(F) motion, filed just thirteen days later, was untimely.

**{¶ 48}** I would sustain the McGlothins' First Assignment of Error, reverse the judgment of the [...] court, and remand this cause for further proceedings.

. . . . . . . . . . . . . .

Copies mailed to:

Mike L. Wiery
Kenneth J. Ignozzi
Lisa M. Fannin
Hon. Douglas M. Rastatter

---

[2] Again, there is nothing in the record to suggest that the trial court actually considered the McGlothins' Civ.R. 56(F) motion.