The STATE of Ohio, Appellee,

v.

YOUNT, Appellee;

American Contractors Indemnity Co. et al., Appellants.

[Cite as *State v. Yount,* 175 Ohio App.3d 733, 2008-Ohio-1155.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22059.

Decided March 14, 2008.

Mathias Heck Jr., Montgomery County Prosecuting Attorney, and Jill R. Sink, Assistant Prosecuting Attorney, for appellee the state of Ohio.

Richard E. Mayhall, for appellants.

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of American Contractors Indemnity Company and the John Craven General Agency, Inc., d.b.a. AA–Craven Bail Bonds ("Craven"), filed March 2, 2007. On August 30, 2006, Craig Allan Yount was indicted by a Montgomery County Grand Jury for possession of crack cocaine, and bond was set at $10,000. Craven, as surety, posted the bond to secure Yount's pretrial release on August 31, 2006, in Dayton Municipal Court. The Montgomery County Court of Common Pleas ordered the bond transferred on September 7, 2006.

{¶ 2} On October 6, 2006, Yount failed to appear for a scheduling conference as ordered by the trial court. On October 13, 2006, a capias was issued for Yount, and bond was set at $25,000. On October 18, 2006, the court issued an "Amended Entry and Order Adjudging Bail Forfeit and Issuing Arrest Warrant," pursuant to Crim.R. 46(I) and R.C. 2937.35. In the order, the trial court set a hearing for November 6, 2006, and ordered Yount and Craven to show cause why judgment should not be entered against them for the full amount stated in the recognizance. Yount and Craven failed to appear at the hearing, and the trial court entered judgment against Yount and Craven in the amount of $10,000.

{¶ 3} On January 11, 2007, Craven timely filed a motion for relief from judgment, arguing that Yount was in jail in Miami County and therefore unable to appear in Montgomery County for the show-cause hearing and that Yount's incarceration "constitutes good cause for the surety's failure to produce the defendant." On February 2, 2007, a hearing was held on the motion, at which Sharon Belcher, an employee of Craven, testified. According to Belcher, around October 13, 2006, Craven received a notice of forfeiture regarding Yount's failure to appear. Craven then attempted to find Yount, locating him in the Miami County Jail. Belcher stated that she faxed the forfeiture notice and capias to the Miami County Sheriff's Department, and she phoned the Montgomery County Sheriff's Office, Jail Division, to inform authorities there of Yount's whereabouts in Miami County. Belcher testified that she did not contact the Montgomery County Court of Common Pleas to advise the court of Yount's whereabouts. Belcher stated that Yount was in jail in Miami County from mid-October until November 21, 2006, when Craven again acted as surety for Yount's release. Belcher acknowledged that she and Craven did not personally observe Yount in the Miami County Jail. According to Belcher, Craven typically does not appear at show-cause hearings when the defendant is in fact incarcerated.

{¶ 4} Craven's motion for relief from judgment was overruled on January 18, 2007. The trial court determined that Craven had asserted a meritorious defense, namely that Yount could not appear in Montgomery County because he

was incarcerated in Miami County, but that "Defendant has not provided sufficient evidence to establish that the Defendant was in jail in another county. The only evidence is hearsay testimony. The Movant did not present any exhibits which might verify the claim of incarceration in another county. The Defendant did not present a witness with firsthand knowledge of the Defendant being incarcerated in another county. This presents an interesting situation. The Movant probably does not have to prove the defense in this stage, but there should be some admissible evidence to suggest it exists."

{¶ 5} The court further determined that Craven had failed to establish that one of the grounds for relief stated in Civ.R. 60(B)(1) through (5) exists. According to the court, "Movant has not put on any evidence that these grounds might apply. Presumably this would be a case of excusable neglect. The Movant did not provide any evidence to establish why it failed to appear at the show cause hearing. The Movant admitted that it had full knowledge of the proceeding. Yet the Movant did not appear and offered no reason at the hearing why it did not appear."

{¶ 6} Craven asserts one assignment of error as follows:

{¶ 7} "The trial court erred and abused its discretion in denying appellant's motion for relief from judgment."

{¶ 8} Craven argues that the trial court erred in concluding that Craven had failed to adequately present a meritorious defense and that Craven is entitled to relief under Civ.R. 60(B)(1).

{¶ 9} Civ.R. 60(B) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." To prevail on a motion pursuant to Civ. R. 60(B), a movant must establish that (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief pursuant to 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and where the grounds of relief are Civ.R. (60)(B)(1), (2) or (3), not more than one year after the judgment or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–51, 1 O.O.3d 86, 351 N.E.2d 113. All three requirements must be met. Id. at 151, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 10} In meeting the first requirement above, "[t]he movant need not prove that he will prevail on his alleged *meritorious defense.* He need only *allege* that such a defense exists." (Emphasis sic.) *Williamson v. Saranda Consol. Ltd. Partnership* (Dec. 14, 1989), Montgomery App. No. 11507, 1989 WL 150791, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.

{¶ 11} Further, "[w]hen the movant raises the defense of neglect under Civ.R. 60(B)(1), the trial court must determine whether the neglect claimed is excusable or inexcusable neglect. The standard for differentiating between excusable and inexcusable neglect is whether [the] movant acted with 'complete disregard for the judicial system and the rights of the appellee.' The nature of the neglect must be gleaned from all the facts and circumstances surrounding the case." (Citations omitted.) Id.

{¶ 12} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134.

{¶ 13} In considering Craven's motion, the trial court correctly noted that Craven presented a meritorious defense, namely that Yount's incarceration in Miami County made his appearance in Montgomery County legally impossible. See *State v. Scherer* (1995), 108 Ohio App.3d 586, 671 N.E.2d 545. The trial court erred, however, in overruling Craven's motion on the basis that Craven had failed to come forward with admissible evidence regarding the existence of its defense, such as a witness with personal knowledge of Yount's whereabouts. Craven only needed to allege the existence of its meritorious defense to meet the first requirement of Civ.R.60(B), and it did so. *Williamson.* Further, we note that Belcher's testimony that Yount was incarcerated in Miami County is uncontroverted.

{¶ 14} Regarding the second requirement set forth above, Craven argues that the reason it failed to appear at the show-cause hearing was excusable neglect. Having reviewed the record, we conclude that grounds for relief pursuant to Civ.R. 60(B)(1) indeed exist. Yount was incarcerated in Miami County, and it was legally impossible for Craven to produce him in Montgomery County. Belcher apprised the trial court at the show-cause hearing that she had located Yount in Miami County. She advised the Miami County authorities of the forfeiture and the capias, and she advised the Montgomery County authorities of Yount's location. It is Craven's practice not to appear at show-cause hearings when the defendant, as here, is confirmed to be in jail. Considering all the facts and circumstances surrounding this matter, these efforts by Craven do not constitute a complete disregard for the judicial system or the rights of the state of Ohio. In other words, Craven's neglect in failing to appear at the hearing was excusable. Yount's nonappearance was also excusable, given his incarceration.

{¶ 15} There being an abuse of discretion, the judgment of the trial court is reversed, and the cause is remanded.

Judgment reversed
and cause remanded.

BROGAN and VALEN, JJ., concur.

ANTHONY VALEN, J., retired, of the Twelfth District Court of Appeals, sitting by assignment.