[Cite as *Harold J. Pohl, Inc. v. Cotterman*, 2018-Ohio-2660.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| HAROLD J. POHL, INC. | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2018-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2017-CVF-001- |
| | : | 1007 |
| ROBERT COTTERMAN | : | |
| | : | (Civil Appeal from Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of July, 2018.

. . . . . . . . . .

THOMAS L. GUILLOZET, Atty. Reg. No. 0029996, 207 East Main Street, Versailles, Ohio 45380
        Attorney for Plaintiff-Appellee

JUSTIN M. LOPEZ, Atty. Reg. No. 0089759, 18 East Water Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert Cotterman appeals from a judgment of the Darke County Court of Common Pleas, Civil Division, denying his motion for relief from judgment pursuant to Civ.R. 60(B). Cotterman filed a timely notice of appeal with this Court on January 9, 2018.

{¶ 2} On September 25, 2017, plaintiff-appellee Harold J. Pohl, Inc. ("the Company") filed a Complaint on Account against Cotterman. In the complaint, the Company alleged that Cotterman, in his capacity as an employee, borrowed $16,000.00 from the business on October 28, 2014. The Company further alleged that, as of August 8, 2017, Cotterman still owed the sum of $6,261.22 but had failed to make any further payments toward the loan. Thus, the complaint sought damages against Cotterman for non-payment of the balance remaining on the loan.

{¶ 3} The record establishes that the complaint was served on Cotterman on October 5, 2017, as evinced by the certified mail receipt that he signed and dated. Cotterman failed to file a timely answer to the complaint, and on November 7, 2017, the Company presented the trial court with a motion and proposed entry for default judgment. On November 9, 2017, Cotterman's counsel contacted counsel for the Company via telephone in order to request an extension of time in which to file an answer to the original complaint. However, the trial court granted the motion for default judgment on November 9, 2017, and the Company's counsel informed Cotterman's counsel of this fact later the same day.

{¶ 4} On November 30, 2017, Cotterman filed a motion for relief from judgment pursuant to Civ.R. 60(B), asking the trial court to reconsider its decision granting the

Company default judgment. The Company filed a response to Cotterman's motion for relief from judgment on December 13, 2017. On December 20, 2017, the trial court issued a brief judgment entry denying Cotterman's motion for relief from judgment.

{¶ 5} It is from this judgment that Cotterman appeals.

{¶ 6} Because they are interrelated, we will discuss Cotterman's first and second assignments of error together as follows:

THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING ON DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 7} In his first assignment of error, Cotterman claims that the trial court abused its discretion in denying his motion for relief from judgment, pursuant to Civ.R. 60(B). In his second assignment, Cotterman contends that the trial court erred when it denied his motion for relief from judgment without first holding an evidentiary hearing.

{¶ 8} "Civ.R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, 2d Dist. Montgomery No. 21244, 2006-Ohio-2328, ¶ 13. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). All of these requirements must be satisfied,

and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

{¶ 9} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment.   In the instant case, Cotterman sought relief under Civ.R. 60(B)(1).   In *GTE*, the trial court granted relief on the single ground that defendant's neglect was excusable. *Id.* at 153.   The *GTE* court then defined excusable neglect in the negative, determining that the inaction of a defendant is not excusable neglect if the attorney's conduct "reveals a complete disregard for the judicial system and the rights of the [plaintiff]." *Id.*

{¶ 10} In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on that claim or defense. *See State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 10 (2d Dist.).   A "meritorious defense" means a defense "going to the merits, substance, or essentials of the case." Black's Law Dictionary, 420 (6th Ed.1990).   "Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 WL 288912, *3, (June 5, 1998), quoting *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988).   Broad, conclusory statements

do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP–330, 2008-Ohio-6911, ¶ 37; *Bennitt v. Bennitt*, 8th Dist. Cuyahoga Nos. 65094 and 66055, 1994 WL 236295, (May 26, 1994).

{¶ 11} "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 33 (2d Dist.), citing *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *In re Estate of Kirkland*, 2d Dist. Clark App. No. 2008–CA–57, 2009-Ohio-3765, ¶ 17.

{¶ 12} We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). A trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 13} Initially, we note that Cotterman argues that he did not properly receive service of the complaint until October 14, 2017, when he received a copy of said complaint from the trial court. However, the record clearly establishes that Cotterman signed and dated a certified mail receipt on October 5, 2017, thereby acknowledging that he received a copy of the summons and complaint filed by the Company against him. The record does not contain any signed receipt of notice dated October 14, 2017.

{¶ 14} As previously stated, it is the movant who has the burden to "demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). So though the movant is not required to submit evidence in support of the motion for relief, the movant must at least "enlighten the court as to why relief should be granted." *Id.*

{¶ 15} Here, Cotterman alleges a meritorious defense by claiming that the Company, as a business entity, did not originally loan him the sum of $16,000.00. Rather, Cotterman asserts that the loan was provided by Harold J. Pohl in his personal capacity. Thus, Cotterman argues that the Company (Harold J. Pohl, Inc.) is not a party to the loan agreement which formed the basis for the damages claim pursuant to the complaint. If the Company is not a party to the loan agreement, Cotterman argues that it would not be entitled to recovery under the complaint.

{¶ 16} On the record before us, however, we find that Cotterman's alleged meritorious defense is without merit. Attached to the Company's complaint are two exhibits. The first exhibit is an email from an individual named David Pohl directing an individual named Renee Luthman to "direct deposit $16,000.00" to Cotterman. The email was sent on October 25, 2014. The exhibit also contains a list of loan payments demonstrating weekly payroll deductions from Cotterman's salary beginning on June 16, 2015, and ending on August 8, 2017. The document indicates that the payments were being taken out Cotterman's paychecks as an employee of the Company.

{¶ 17} The second exhibit is a letter from the Company's "staff accountant" Brenda Pohl addressed to Cotterman. We note that the letter is on the Company's stationery. The letter states "[a]fter your final payroll today, the balance due on the loan you

requested from Harold J. Pohl, Inc. is $6,261.22. Please contact me by August 22, 2017 to work out a payment plan."

{¶ 18} In our view, the exhibits attached to the complaint clearly indicate that the loan was made to Cotterman by the Company, *not* Harold J. Pohl in his personal capacity. Other than his bare assertion to the contrary, Cotterman has adduced no operative facts supporting his contention that the loan agreement was made by Harold J. Pohl in his personal capacity. Rather, the exhibits attached to the complaint establish that the loan was made by the Company in a business capacity. Furthermore, Harold Pohl filed a personal affidavit in which he averred that he did not personally loan Cotterman the aforementioned sum of money. Accordingly, without more, we find that Cotterman's assertion of a meritorious defense is belied by the record, and we cannot say that the trial court abused its discretion by finding that he failed to establish the first prong of the test for relief pursuant to Civ.R. 60(B).

{¶ 19} Lastly, we note that in *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 1996–Ohio–430, 665 N.E.2d 1102, the Ohio Supreme Court found when a movant files a motion for relief from judgment, the trial court should grant a hearing to take evidence only if the motion contains operative facts which would warrant relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983). As we already concluded, Cotterman's motion does not meet this threshold. Therefore, we cannot say that the trial court erred by failing to afford Cotterman an evidentiary hearing on his motion for relief from judgment.

{¶ 20} Cotterman's first and second assignments of error are overruled.

{¶ 21} Cotterman's first and second assignments of error having been overruled,

the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Thomas L. Guillozet
Justin M. Lopez
Hon. Julie L. Monnin