[Cite as *Staub v. Miller*, 2018-Ohio-3603.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| KIMBERLY S. STAUB | : | |
| | : | |
| Petitioner-Appellant | : | Appellate Case No. 2018-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2017-SP-3 |
| | : | |
| KATHEE MILLER | : | (Domestic Relations Appeal) |
| | : | |
| Respondent-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of September, 2018.

. . . . . . . . . . .

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Petitioner-Appellant

MICHELLE J. GEARHARDT, Atty. Reg. No. 0023329, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
        Attorney for Respondent-Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** This case is before us on the appeal of Petitioner-Appellant, Kimberly Staub, from a judgment granting the Civ.R. 60(B) motion filed by Respondent/Appellee, Kathee Miller. Staub's single assignment of error is that the trial court erred in granting the motion for Civ.R. 60(B) relief.

**{¶ 2}** We conclude that this matter is moot because the trial court dismissed Staub's request for a protection order after a hearing, and Staub failed to appeal from the judgment of dismissal. Accordingly, there is no relief we can order, and the appeal must be dismissed as moot. However, even if we could consider the judgment dismissing the protection order, Miller demonstrated excusable neglect.

## I. Facts and Course of Proceedings

**{¶ 3}** On February 14, 2017, Staub filed a petition seeking a civil stalking protection order ("SPO") against Miller. An ex parte order was granted the same day, precluding Miller from having contact with Staub and prohibiting Miller from being within 500 feet of Staub.

**{¶ 4}** The two women involved in this case have had a long history of acrimony. Staub is married to Miller's ex-husband, and Staub had previously filed a petition in 2014, seeking a civil stalking protection order against Miller. In the current case, after granting several continuances, the trial court set a full protection hearing for September 8, 2017, at 1:00 p.m. During the morning before the scheduled hearing, the parties reached an agreement. However, due to miscommunication between the attorneys, Miller and her attorney were not present at the scheduled hearing time. Instead, they believed they

were supposed to appear at 1:30 p.m. to sign an agreed entry dismissing the case.

{¶ 5} At around 1:00 p.m., the trial court held a very brief hearing, during which only Staub testified. The court indicated at the time that it would grant a five-year protection order. Staub and her attorney then left the courthouse. Miller arrived in court at 1:20 p.m.; her attorney appeared shortly thereafter, as she had gone to the wrong courthouse. After Miller's attorney appeared in court and attempted to explain the settlement and the reasons for not appearing on time, the trial court gave counsel until 4:00 p.m. that day to file a signed entry.

{¶ 6} At that point, however, Staub refused to sign the agreement and indicated that she would "abide by" the court's decision to grant the SPO. Because no agreed entry had been filed, the court filed the five-year SPO on September 11, 2017. On September 25, 2017, Miller filed a motion to enforce the settlement agreement. The same day, Miller also filed a Civ.R. 60(B) motion for relief from judgment, and the court scheduled a hearing on that matter for November 21, 2017. In the meantime, on October 5, 2017, Miller filed a notice of appeal from the judgment granting the SPO. The appeal was docketed in our court as Case No. 2017-CA-54.

{¶ 7} On October 16, 2017, Staub filed a motion asking the trial court to vacate the hearing on the motion for relief from judgment. Staub's motion was based on the fact that Miller had appealed from the judgment granting the SPO. Conversely, Miller then filed a motion with our court, asking that we allow the Civ.R. 60(B) motion hearing to proceed. On November 17, 2017, we granted Miller's motion, which we construed as a motion to remand, and we remanded the case to the trial court to resolve the Civ.R. 60(B) motion. *See Staub v. Miller*, 2d Dist. Greene No. 2017-CA-54 (Nov. 17, 2017).

{¶ 8} The trial court held an evidentiary hearing on November 21, 2017, and after hearing testimony, concluded that it would set aside the SPO. On December 11, 2017, the court then filed a judgment entry granting Miller's Civ.R. 60(B) motion. In addition, the court set a final hearing for February 23, 2018, to consider the requested SPO. After being informed that the trial court had granted the motion for relief from judgment, we dismissed the appeal in Case No. 2017-CA-54 as moot. *See Staub v. Miller*, 2d Dist. Greene No. 2017-CA-54 (Feb. 8, 2018).

{¶ 9} In the meantime, Staub filed a notice of appeal from the judgment granting Miller's Civ.R. 60(B) motion. Staub's notice of appeal was filed on January 3, 2018, and was docketed as Case No. 2018-CA-02 (the current appeal). On January 8, 2018, the trial court denied Staub's request for a stay of its judgment pending appeal. We also denied Staub's motion for a stay and stressed that the trial court had jurisdiction both to hold the February 23, 2018 hearing and to issue a decision. *See Staub v. Miller*, 2d Dist. Greene No. 2018-CA-02 (Feb. 8, 2018). Subsequently, we rejected Staub's motion for reconsideration of our decision denying the motion for a stay. *See Staub v. Miller*, 2d Dist. Greene No. 2018-CA-02 (March 14, 2018).

{¶ 10} In early April 2018, Miller filed a motion to dismiss this appeal because the trial court had denied the request for the SPO on March 20, 2018. Miller attached a copy of the trial court's decision to her motion to dismiss. On April 26, 2018, we overruled Miller's motion to dismiss, but we said that Miller could make arguments about mootness in her brief. Miller did raise the issue of mootness in her brief, which was filed on June 18, 2018. Staub then filed a reply brief on June 28, 2018.

{¶ 11} Because the issue of mootness has been raised and addressed by both

parties, we will consider that point first.

## II.   Mootness

{¶ 12} According to the Supreme Court of Ohio, "[t]he role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."   *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9.   "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties. * * * Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot."   *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 13} As was noted, on March 20, 2018, the trial court filed a decision dismissing Staub's request for an SPO.   A review of our docket indicates that no appeal has been taken from the trial court's judgment of dismissal, and the time for doing so has long since expired.   "App.R. 4 governs the timing of appeals and must be carefully followed because failure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect."   *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17.   *Accord U.S. Bank Natl. Assn. v. Crutcher*, 2d Dist. Montgomery No. 25338, 2013-Ohio-2011, ¶ 5.

{¶ 14} Although Staub did appeal from the trial court's decision to grant the Civ.R. 60(B) motion, there was no guarantee that we would reverse the trial court's decision on appeal.   Staub could have protected her rights by also appealing the dismissal of her request for the SPO.   However, she failed to do so, and any appeal is barred.   Because the judgment of dismissal is now final, there is no relief that we could possibly afford, due to the application of res judicata.   *See Chaney v. Bank One, Dayton, N.A.*, 2d Dist.

Montgomery No. 14855, 1995 WL 371152, *2 (July 23, 1995), citing *First Alabama Bank v. Parsons Steel, Inc.*, 747 F.2d 1367, 1371 (11th Cir.1984), *rev'd on other grounds*, 474 U.S. 518, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986) ("[t]he principle of res judicata makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, that were or should have been adjudicated in the prior proceeding"). In view of these facts, Staub's appeal is moot.

{¶ 15} Accordingly, this appeal will be dismissed as moot.

### III. Grant of Civ.R. 60(B) Motion

{¶ 16} Even if we were able to consider the appeal, Staub's single assignment of error is without merit. Specifically, Staub contends that the trial court erred in granting the motion for relief from judgment.

{¶ 17} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 18} Trial court decisions on motions for relief from judgment under Civ.R. 60(B) are reviewed for abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable." *Beard v. Beard*, 2d Dist. Greene No. 2012-CA-66, 2013-

Ohio-3375, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ **19**} After reviewing the record, including the September 8, 2017 transcript and the transcript of the November 21, 2017 motion hearing, we find no abuse of discretion. The ground that Miller raised was excusable neglect under Civ.R. 60(B)(1). Transcript of November 21, 2017 Proceedings, p. 7. "The standard for differentiating between excusable and inexcusable neglect is whether [the] movant acted with 'complete disregard for the judicial system and the rights of the appellee.' " *Williamson v. Saranda Consol. Ltd. Partnership*, 2d Dist. Montgomery No. 11507, 1989 WL 150791, *3 (Dec. 14, 1989), quoting *GTE* at 153. *Accord State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 11 (2d Dist.). Additionally, the neglect's nature is ascertained from the circumstances and facts surrounding the case. *Id*.

{¶ **20**} According to the record, the parties reached an agreement to dismiss the case. The parties and their attorneys were then going to meet at the court at 1:30 p.m. (rather than 1:00 p.m.) to present the trial court with an agreed entry. Miller testified that she heard a conversation between her attorney and opposing counsel indicating that the case had been settled, that counsel for Staub was going to contact the court, and that the parties were going to meet at the court at 1:30 p.m. to sign the judgment entry.

{¶ **21**} Miller was ill that day with a toothache, and due to the change in time, went to her dentist for an emergency visit at around 12:15 p.m. She scheduled this visit after learning the case had settled. Nonetheless, after receiving treatment from her dentist, Miller did arrive at court at 1:20 p.m., prior to the time she thought the parties were supposed to meet.

**{¶ 22}** In the meantime, Staub's attorney realized after arriving at her office that the hearing had been set for 1:00 p.m., rather than 1:30 p.m. However, she did not alert opposing counsel about her inadvertent mistake, nor did she tell the court. Staub and her counsel arrived at court at 1:00 p.m. told the court that "the parties had worked out a deal today about noon." September 8, 2017 Transcript, p. 4.

**{¶ 23}** Staub's attorney told the court that she had asked opposing counsel if she wanted to call and let the court know that the parties were going to submit an agreement; however, according to Staub's attorney, opposing counsel said no. *Id.* Staub's attorney did not tell the court that the parties had agreed to meet at 1:30 p.m.

**{¶ 24}** At that point, the court told Staub that it was ready to go forward with the hearing. *Id.* at p. 5. Again, Miller and her attorney were not present. After Staub briefly testified, the court indicated that it would grant the SPO.

**{¶ 25}** As was noted, Miller arrived at the court at around 1:20 p.m., and saw Staub and her attorney leaving. Miller's attorney arrived shortly after 1:30 p.m., because she had mistakenly gone to the wrong courthouse. When Miller's attorney arrived, she spoke to the trial court, explained why she was late, and stated that she had a message from opposing counsel telling her to meet at court at 1:30 p.m. *Id.* at p. 21. She also told the court that the parties had an agreement. The court then gave Miller's counsel until 4:00 p.m. that day to submit the agreement. *Id.* at pp. 22-23. In addition, the court said that if a problem between counsel existed, it was a matter for disciplinary proceedings. *Id.* at p. 23.

**{¶ 26}** Although Miller's attorney contacted Staub's counsel that afternoon, Staub's counsel refused to sign an entry and said that her client "desires to abide by the Court's

decision." Doc. #45, Motion for 60(B) Relief, Attachment A. As was noted, the court granted the SPO when no entry was provided, and Miller then filed a motion to enforce the settlement and a motion for relief from judgment.

{¶ 27} After hearing the testimony, the trial court granted the motion for relief from judgment. The court concluded that Miller "had reasonably relied on her attorney's advice and there was sufficient confusion about a possible agreement." Doc, #75, p. 2. The court did not rely on representations that opposing counsel may or may not have made. Instead, the court stressed that Miller had relied on her attorney's notice that a settlement had been reached and had also relied on her attorney's advice that she did not need to appear until 1:30 p.m. *Id.* at p. 3.

{¶ 28} As a general rule, an attorney's unexcused neglect will be imputed to the client "for purposes of Civ.R. 60(B)(1)." *See GTE*, 47 Ohio St.2d at 153, 351 N.E.2d 113. "However, neglect of an attorney imputed to a party may be excusable and entitled to relief pursuant to Civ. R. 60(B)(1), the same as the party's neglect." *Republic-Franklin Life Ins. Co. v. Jenkins*, 10th Dist. Franklin No. 77AP-666, 1977 WL 200543, *2 (Nov. 3, 1977) (finding excusable neglect of attorneys justified setting aside judgment). Such is the case here. As *Williamson* noted, there is a difference between excusable and inexcusable neglect. *Williamson*, 2d Dist. Montgomery No. 11507, 1989 WL 150791, at *3. In the case before us, there was no conscious disregard of the judicial system. We agree with the trial court that confusion existed, and the neglect was excusable.

{¶ 29} We have also stressed that generally, "we prefer cases to be concluded on their merits rather than on mere procedural technicalities." *Studebaker v. Studebaker*, 2d Dist. Miami No. 2007-CA-26, 2008-Ohio-5356, ¶ 14 (reversing trial court's refusal to

grant Civ.R. 60(B) relief based on excusable neglect).

{¶ 30} Accordingly, the trial court did not abuse its discretion by granting the motion for relief from judgment.

## IV. Conclusion

{¶ 31} Based on the reasoning set forth above, Staub's appeal is dismissed as moot.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Jay A. Adams
Michelle J. Gearhardt
Hon. Steven L. Hurley