[Cite as *State v. AAA Sly Bail Bonds*, 2020-Ohio-1375.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle. E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| AAA SLY BAIL BONDS | : | Case No. 2019 CA 0075 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2014 CR 0769


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 7, 2020


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JOSEPH C. SNYDER                    DOUGLAS C. BOND
38 Sourth Park Street                    600 Courtyard Centre
Mansfield, OH  44902                    Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant AAA Sly Bail Bonds appeals the July 8, 2019 judgment of the Richland County Court of Common Pleas overruling appellant's motion for remission. Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   As we noted in our prior consideration of this matter, on November 24, 2014, Jon Martel Jefferson was charged in Mansfield Municipal Court with several felony offenses, including Fleeing and Eluding, Having Weapons While under Disability, Receiving Stolen Property, and two counts of Possession of Drugs. Jefferson's bond was set at $100,000 cash or surety and personal recognizance, and Jefferson was ordered to be placed on Electronic Monitoring.

{¶ 3}   On November 26, 2014, Jefferson waived a preliminary hearing and appellant posted his bond. The Mansfield Municipal Court transferred this bond to the Richland County Court of Common Pleas. Jefferson deposited a bond fee on December 2, 2014 in Court of Common Pleas.

{¶ 4}   On December 30, 2014, electronic monitoring Officer J.J. Bittinger issued a bench warrant for Jefferson's arrest requesting that his bond be revoked. On January 13, 2015, the Richland County Grand Jury indicted Jefferson and a warrant to arrest on the indictment was issued. On January 16, 2015, Jefferson's bond was set at $100,000 cash and personal recognizance with electronic monitoring on his indictment. Arraignment was scheduled for January 27, 2015; however, there was failure of service on the indictment. It was subsequently determined that Jefferson had been arrested and sent to prison on other charges in Franklin County, Ohio.

{¶ 5}    On February 5, 2015, Jefferson was arraigned in the Richland County Court of Common Pleas and his bond was continued. On July 23, 2015, a warrant was issued to convey Jefferson to the Richland County Court of Common Pleas because he was being released from prison on his Franklin County case. Jefferson's bond was again set at $100,000 and personal recognizance with electronic monitoring. Brittany Scope from the Richland County Clerk of Court's Office telephoned bonding agent Robert Hagen, an employee of appellant, to confirm his desire to remain on the $100,000 surety bond. Mr. Hagen's approval is noted on the bond form. On July 27, 2015, Jefferson posted the bond set on July 23, 2015.

{¶ 6}    A jury trial was scheduled for February 1, 2016 but Jefferson failed to appear. As a result, the trial court issued both a bench warrant for Jefferson's arrest and an entry of bond forfeiture. An amended entry of bond forfeiture was journalized on February 12, 2016, with notice of the same to appellant. Appellant was notified that judgment would be entered at the bond hearing on March 28, 2016 if Jefferson were not produced by that time.

{¶ 7}    On February 18, 2016, appellant filed a motion to vacate and release surety. On April 11, 2016, appellant filed a Memorandum in support of its motion. On February 10, 2017, a hearing was held on the motion. On March 21, 2017, the magistrate filed his decision on Bond Forfeiture, denying appellant's motion. Appellant objected to the magistrate's ruling on April 4, 2017. On May 25, 2017, the Trial Court adopted the ruling of the magistrate and ordered the bond forfeited. Up until this point, appellant never produced defendant to the court.

{¶ 8} On June 19, 2017, appellant filed a Motion to Vacate pursuant to Civ. R. 60(B). On June 23, 2017, appellant filed a Notice of Appeal. The matter was briefed and oral argument held on March 29, 2018.

{¶ 9} By Judgment Entry filed April 25, 2018, this court remanded the case to the trial court for a ruling on Appellant's Civ.R. 60 motion. Appellant filed a Supplemental Motion to Vacate and/or Motion for Relief from Judgment on May 21, 2018. By Judgment Entry filed May 22, 2018, the trial court denied appellant's Motion to Vacate the Bond Forfeiture.

{¶ 10} On June 11, 2018, appellant filed a supplemental brief addressing the trial court's May 22, 2018 ruling. On June 19, 2018, appellee filed a supplemental brief in response to appellant's June 11, 2018 brief.

{¶ 11} On July 18, 2018, this Court overruled appellant's seven assignments of error and affirmed the trial court's decision. *State v. AAA Sly Bail Bonds*, 5th Dist. No. 17-CA-56, 2018-Ohio-2943, herein *AAA I*.

{¶ 12} Appellant filed an appeal with the Supreme Court of Ohio. The Court declined jurisdiction on November 21, 2018.

{¶ 13} On January 17, 2019, appellee filed a motion for contempt against appellant for non-payment of judgment. An evidentiary hearing was held on June 18, 2019. In the interim, on April 1, 2019, appellee filed an additional motion for contempt against appellant for failure to comply with the trial court's May 25, 2017 ruling.

{¶ 14} On April 11, 2019, appellant submitted a check to the Richland County Clerk of Courts to satisfy the May 25 bond forfeiture judgment. On the same day, appellant filed a motion for remission.

{¶ 15} On June 28, 2019, an evidentiary hearing was held on the motion for remission. On July 8, 2019, the trial court overruled appellant's motion. It is from this order appellant appeals, raising two assignments of error as follow:

I

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED AAA SLY BAIL BONDS' MOTION FOR REMISSION BECAUSE THE TRIAL COURT'S FINDINGS ARE NOT SUPPORTED BY THE EVIDENCE PRESENTED IN THE RECORD."

II

{¶ 17} "THE TRIAL COURT PREJUDICIALLY ERRED IN DETERMINING THAT AAA SLY BAIL BONDS' MOTION FOR REMISSION WAS BARRED BY RES JUDICATA."

II

{¶ 18} We address appellant's assignments of error out of order. In its second assignment of error, appellant argues the trial court erred in finding its motion for remission was barred by res judicata. We disagree.

{¶ 19} The doctrine of res judicata provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13.

ANALYSIS

{¶ 20} Appellant argues per R.C. 2937.39 it could not move for remission until after it satisfied the judgment and there was something to remit. The definition of remission is

therefore helpful to our analysis. Black's Law Dictionary defines remission as "[a] cancellation or extinguishment of all or part of a financial obligation; a release of a debt or claim." *Black's Law Dictionary* (11th ed. 2019).

{¶ 21} Next, R.C. 2937.39 provides:

> After judgment has been rendered *against* surety *or* after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

{¶ 22} Emphasis added.

{¶ 23} Thus a motion for remission may be made at any point after judgment is rendered *against* a surety. Nothing in R.C. 2937.39 requires appellant to pay the judgment before requesting to be released from the debt.

{¶ 24} We further find *State v. Crosby*, 12th Dist. No. CA2009-01-001, 2009-Ohio-4936 instructive. In that matter, the trial court entered judgment of bond forfeiture in accordance with R.C. 2937.36. Defendant's mother, who co-signed the bond, moved pursuant to Civ.R. 60(B) to set aside the judgment on the bond forfeiture and for remission of the bond. Following a hearing, mother's motion was granted, a decision the state appealed. The state argued that mother's Civ.R. 60(B) motion to set aside judgment

improperly circumvented the remission statute, R.C. 2937.39. The Twelfth District Court of Appeals disagreed, finding the remedies cumulative:

> A review of Ohio law reveals nothing mandating that the remission statute be applied in lieu of awarding relief from judgment under Civ.R. 60(B) in bond forfeiture cases. In fact, other courts have considered Civ.R. 60(B) motions for relief from judgment in bond forfeiture cases. See, e.g., *State v. Yount*, 175 Ohio App.3d 733, 889 N.E.2d 162, 2008-Ohio-1155 (holding that relief from judgment was warranted where defendant's incarceration in another county constituted good cause); *State v. Ward* (Dec. 22, 1976), Putnam App. No. 1-76-59, 1976 WL 189013 (holding that relief from judgment was not warranted where surety's explanation that it did not have sufficient time to locate the defendant did not constitute good cause). If the legislature intended for remission under R.C. 2937.39 to be the sole remedy for the surety in these cases, it presumably would have indicated this intent when the statute was enacted or amended the statute to reflect such an intent when Civ.R. 60 was promulgated. Absent such a declaration, Civ.R. 60(B) relief and statutory remission under R.C. 2937.39 are cumulative remedies. Cf. *Lyons v. Am. Legion Post No. 650 Realty Co.* (1961), 172 Ohio St. 331, 175 N.E.2d 733, paragraph three of the syllabus. Contrary to the state's

argument, we find no abuse of discretion in the trial court's choice to proceed under Civ.R. 60(B) rather than the remission statute.

{¶ 25} *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 26-27, footnote omitted.

{¶ 26} Thus, the remedy requested by appellant in its motion for remission pursuant to R.C 2937.39 could have also been achieved via its previous Civ.R 60 (B) motion.

{¶ 27} Indeed, appellant's seventh assignment of error in *AAA I* challenged the trial court's analysis of its Civ.R. 60(B) motion, arguing the trial court erroneously analyzed the motion as if it were a motion for remission. We found while the trial court had authority to grant remission, appellant failed to request remission. *AAA I* ¶ 51-52.

{¶ 28} Appellant therefore had every opportunity to pursue remission with its previous Civ.R. 60(B) motion but failed to do so. "The principle of res judicata bars a subsequent action between the same parties, based upon the same cause of action, and renders the judgment in the earlier action conclusive as to all germane matters that were or could have been raised in the first action." *Byler v. Hartville Action, Inc.*, 5th Dist. Stark No. 1994CA00081, 1994WL530817, *3 citing *State ex rel. Ohio Service Co. v. Mahoning Valley Sanitary District*, 169 Ohio St. 31, 157 N.E.2d 116 (1959) paragraph one of the syllabus.

{¶ 29} We conclude the trial court did not err in concluding appellant's motion for remission was barred.

{¶ 30} The second assignment of error is overruled.

I

{¶ 31} Because we have found appellant's motion for remission was barred, we decline to address the first assignment of error.


{¶ 32} The judgment of the Richland County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.


EEW/rw