[Cite as *Younomics Private Student Loan Trust v. McKinley*, 2020-Ohio-3989.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

YOUNOMICS PRIVATE STUDENT          :
LOAN TRUST                         :
                                   :   Appellate Case No. 28630
     Plaintiff-Appellant         :
                                   :   Trial Court Case No. 2018-CV-5429
v.                                 :
                                   :   (Civil Appeal from
TYLER MCKINLEY                     :   Common Pleas Court)
                                   :
     Defendant-Appellee          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of August, 2020.

. . . . . . . . . . .

JOHN A. GAMBILL, Atty. Reg. No. 0089733 and JASON R. HARLEY, Atty. Reg. No. 0083761, 250 West Street, Suite 550, Columbus, Ohio 43215
    Attorneys for Plaintiff-Appellant

GLEN R. MCMURRY, Atty. Reg. No. 0082600 and LEE A. SLONE, Atty. Reg. No. 0075539, One South Main Street, Suite 1300, Dayton, Ohio 45402
    Attorneys for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Younomics Private Student Loan Trust ("Younomics") appeals from a trial court order that granted Tyler McKinley's motion for relief from the trial court's prior default judgment in favor of Younomics in the amount of $32,580.28. We hereby affirm the judgment of the trial court.

{¶ 2} Younomics filed its complaint against McKinley on November 20, 2018. According to the complaint, McKinley executed a promissory note in September 2007 in the amount of $4,347.83 and another promissory note in November 2007 in the amount of $8,152.17. Copies of the notes were attached to the complaint. The complaint stated that Younomics sent McKinley a collection notice on October 23, 2018, to which he failed to respond. Younomics asserted that, as of October 23, 2018, McKinley owed $32,580.28 on the notes, exclusive of attorneys' fees and costs. Younomics alleged claims of unjust enrichment and breach of contract as to each note and sought attorney fees. The notes identified Doral Bank, FSB, as the creditor and McKinley as the borrower, with a residential address in Miamisburg. Service was issued to McKinley at the Miamisburg address via certified mail, but it was returned unclaimed.

{¶ 3} On January 3, 2019, the court issued a notice that service had not been perfected on McKinley and that failure to respond within 14 days could result in administrative dismissal of the action. On January 24, 2019, the court filed a notice to show cause why the case should not be dismissed for failure to prosecute.

{¶ 4} The record reflects that service was reissued to McKinley at the Miamisburg address via regular mail on January 31, 2019. On March 7, 2019, the court issued a "Notice (Default)," which stated that McKinley was in default for answer or appearance and that Younomics' failure to move for a default judgment could result in the

administrative dismissal of the action. On March 22, April 1, and April 8, 2019, Younomics filed motions for extensions of time to file a motion for default judgment. On May 8, 2019, the court filed another notice to show cause why the case should not be dismissed for failure to prosecute.

{¶ 5} On May 22, 2019, Younomics filed a motion for default judgment pursuant to Civ.R. 55(A). Attached to the motion was an affidavit of John Gambill, counsel for Younomics.

{¶ 6} The court granted Younomics' motion for default judgment on May 30, 2019. McKinley filed a Civ.R. 60(B) motion for relief from judgment on September 5, 2019. McKinley attached a supporting memorandum, his own affidavit, and a proposed answer to the complaint. The memorandum provided that, after failure of service by certified mail, Younomics instructed the court to reissue service by regular mail to the same incorrect address, and that McKinley had not resided at that address "for years." The memorandum further stated that McKinley had resided in Cincinnati since June 2015, and it "was not until after default judgment was taken against him" that McKinley received a "copy of the Rule 58(b) Civil Notice of Final Appealable Order, which his parents forwarded."

{¶ 7} McKinley argued that his lack of knowledge of Younomics' pending lawsuit constituted excusable neglect. According to McKinley, he "borrowed two small student loans from My Rich Uncle in 2007. He never heard another word from any entity about the loans until now – more than 11 years later." He also alleged that more than 8 years passed between when payment was due on the notes and when this lawsuit was filed. McKinley argued that he had a meritorious defense, namely that Younomics' claims

should be barred by "principles of estoppel, laches, waiver, and/or expiration of the applicable statute of limitations." McKinley asserted that Younomics had made no showing that it was entitled to enforce "the original Master Promissory Notes" and had failed to provide an accounting of the $32,580.28 it demanded. Finally, McKinley asserted that his motion was timely.

**{¶ 8}** In his affidavit, McKinley asserted that his parents resided at the Miamisburg address where service was attempted, but that he had not lived there since 2011. McKinley averred that he had received checks from "My Rich Uncle" and deposited them, and that he never received a debt collection notice or any other correspondence "from the Plaintiff or any other entity" regarding the loans. McKinley asserted that he "never received service of the summons and complaint" and that he was first notified about the lawsuit when his parents forwarded him an unopened envelope that contained a copy of the Rule 58(b) civil notice filed in this case on May 30, 2019.

**{¶ 9}** On September 16, 2019, the court set submission dates for Younomics' memorandum contra McKinley's motion and McKinley's reply. The entry further stated: "There shall be no oral hearing. If counsel desires to be heard, counsel should notify the court and other counsel the day before the last date set forth above. Otherwise, the court will consider the matter submitted without oral argument as of the last date set forth above."

**{¶ 10}** On September 20, 2019, Younomics filed a motion for an extension of time to respond to McKinley's motion for relief from judgment, to which McKinley had consented. The court granted the motion.

**{¶ 11}** Younomics filed its memorandum in opposition on October 18, 2019.

Younomics asserted that McKinley had admitted that he had "borrowed and received the monies" at issue, and that he could not establish excusable neglect and allege a meritorious defense. Younomics asserted that McKinley's first payment was due on October 21, 2010, that he failed to make the payment within 30 days of the payment deadline, and he therefore defaulted under the terms of the notes. Younomics further asserted that it was the present holder of the notes and was entitled to the unpaid balance, including late fees, interest, and attorneys' fees and costs. According to Younomics, McKinley "was deemed served" on February 1, 2019, and therefore his deadline "to move, answer, or otherwise plead in response" to the complaint had been March 1, 2019.

{¶ 12} Younomics asserted that McKinley mistakenly placed the burden on Younomics to prove, in response to his Civ.R. 60(B) motion, that it was entitled to enforce the notes and that his motion's "cursory allegations" as to the viability of Younomics' claims failed to satisfy his burden of establishing a meritorious defense. It also asserted that, pursuant to R.C. 2305.06,[1] its complaint was timely filed inasmuch as the statute of limitations did "not expire until September 28, 2020," or eight years after Younomics asserted that McKinley's breach occurred.

{¶ 13} According to Younomics, the affidavit of Mark Lozano, its custodian of records, set forth the chain of custody of the notes and rebutted McKinley's "conclusory statements." In a footnote, Younomics also asserted that it did not address McKinley's claims that the principles of estoppel, laches, and/or waiver barred its claims, because McKinley had failed "to provide *any* legal basis for these defenses" and could not "submit 'canned' affirmative defenses, without support, and satisfy his obligations under Civ.R.

[1] R.C. 2305.06 sets forth an eight-year statute of limitations for a contract in writing.

60(B)."

{¶ 14} Finally, Younomics argued that McKinley's alleged lack of knowledge of the complaint did not constitute excusable neglect, because the "regular mail service was not returned as undeliverable" and, in fact, McKinley admitted that he ultimately received correspondence that was delivered to the address listed on the complaint.  Younomics points out that McKinley also did not allege "that he *never* resided at the address where service of process was delivered pursuant to Civ.R. 4.6(D) * * *."  Younomics asserts that McKinley did not allege that he had "no connection with the individuals still residing at that address," and that he admitted he once resided there, his parents still resided there, and his parents had forwarded mail to him.  According to Younomics, these facts alone supported a finding that the presumption of proper service applied, inasmuch as they had a reasonable expectation that McKinley would receive service of summons at the address listed on Younomics' complaint.  Younomics asserted that service was proper under Civ.R. 4.6(D).

{¶ 15} McKinley filed a reply on October 28, 2019.  He argued that the debts that Younomics sought to collect were accelerated on March 5, 2011, or more than six years before it filed its complaint on November 20, 2018.  Therefore, McKinley alleged that the complaint was filed after the expiration of the relevant statute of limitations.  McKinley asserted that, as negotiable instruments, the notes were subject to the six-year statute of limitations in R.C. 1303.16.

{¶ 16} The trial court sustained McKinley's motion for relief from judgment without analysis.  McKinley filed his answer and counterclaim on November 19, 2019, alleging that Younomics had violated the Fair Debt Collection Practices Act and the Consumer

Sales Practices Act.

{¶ 17} Younomics asserts the following assignment of error on appeal:

THE TRIAL COURT ERRED IN GRANTING MCKINLEY'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING CONCERNING THE OPERATIVE FACTS ALLEGED IN MCKINLEY'S MOTION THAT WOULD TEND TO WARRANT RELIEF UNDER CIV.R. 60(B).

{¶ 18} As this Court has noted:

To prevail upon a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3), the motion is made within a reasonable time. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. Civ.R. 60(B)(1) permits the court to relieve a party from a final judgment for mistake, inadvertence, or excusable neglect.

Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion so that cases may be decided on their merit. *GTE Automatic Electric v. ARC Industries, supra,* at syllabus 3. * * *

* * *

* * * In our view, the concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial

rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214.

*Vantage Homes v. Dailey*, 2d Dist. Miami No. 2001-CA-49, 2002 WL 506815, *3-4 (Apr. 5, 2002).

**{¶ 19}**  This Court has further noted:

In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on that claim or defense. *See State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 10. "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.' * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow* (June 5, 1998), Montgomery App. No. 16882, 1998 WL 288912, *2-3, quoting Black's Law Dictionary, abridged (6th Ed.Rev.1991) 290.  Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp.*, Franklin App. No. 08AP-330, 2008-Ohio-6911, ¶ 37;

*Bennitt v. Bennitt* (May 26, 1994), Cuyahoga App. Nos. 65094 and 66055, 1994 WL 236295.

"[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 121, 670 N.E.2d 281. * * *

We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. * * *

*GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 32-34.

{¶ 20} This Court has also noted:

A trial court abuses its discretion when the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

*Jones v. Jones*, 2019-Ohio-2355, 138 N.E.3d 634, ¶ 16 (2d Dist.).

{¶ 21} McKinley averred that he had no knowledge of the pending action against him until he received notice of the default judgment. The trial court did not abuse its discretion in sustaining McKinley's motion for Civ.R. 60(B)(1) relief since the ground of

excusable neglect was demonstrated; McKinley averred that he had not resided at the Miamisburg address used for service since 2011 and that he had resided in Cincinnati since 2015. Further, McKinley made a prima facie showing of a meritorious defense, namely that Younomics' complaint was barred by the applicable statute of limitations and/or by the doctrines of laches, estoppel and waiver. McKinley was not required to prove his meritorious defense. McKinley's motion was also timely because it was filed just a few months after the default judgment was granted.

{¶ 22} As noted in *Doddridge,* 53 Ohio St.2d 9, 12, 371 N.E.2d 214, at paragraph one of the syllabus:

Where the record contains sufficient evidence of excusable neglect on which to base a decision to grant a Civ.R. 60(B)(1) motion to vacate a default judgment and the movant has made a timely motion and has a meritorious defense, a trial court does not abuse its discretion if it grants the Civ.R. 60(B)(1) motion to vacate a judgment without first holding an evidentiary hearing on the Civ.R. 60(B)(1) issue.

{¶ 23} Younomics was not entitled to an evidentiary hearing, and the record does not reflect that it requested one, as instructed by the trial court, after the court advised the parties that it intended to rule on the motion without a hearing in the absence of such a request.

{¶ 24} For the foregoing reasons, Younomics assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

John A. Gambill
Jason R. Harley
Glen R. McMurry
Lee A. Slone
Hon. Barbara P. Gorman